UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHARLES TAYLOR, and SABRINA TAYLOR, ) <br> ) <br> Plaintiffs/Counter-Defendants, ) <br> ) <br> v. ) <br> ) <br> ERIE INSURANCE COMPANY, ) <br> ) <br> Defendant/Counter-Plaintiff. ) | No. 3:17-CV-481-HBG |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 11].

Now before the Court is Plaintiff Sabrina Taylor's Motion for Preliminary Injunction [Doc. 15]. Defendant filed a Response [Doc. 17] in opposition to the Motion. The Motion is now ripe for adjudication. Accordingly, for the reasons explained below, the Court finds Plaintiff's Motion [**Doc. 15**] not well taken, and it is **DENIED**.

**I.     POSITIONS OF THE PARTIES**

Plaintiff requests [Doc. 15] that the Court order Defendant to pay Plaintiff rent reimbursements in the amount of $16,500.00 and to resume monthly reimbursements in the amount of $1,500.00 until Plaintiff is able to move back into her home. In addition, she requests attorney's fees incurred by filing the instant Motion. For grounds, Plaintiff states that her home was destroyed by a fire in late November and early December 2016. Her home was insured by an insurance policy ("Policy") issued by Defendant. The Policy provided that Plaintiff would be reimbursed for additional living expenses incurred, such as rent, during the time her home was made

inhabitable. Plaintiff states that Defendant initially reimbursed Plaintiff for this expense from December 2016 to June 2017, except that Defendant did not reimburse Plaintiff for April 2017. Defendant discontinued its reimbursement payments starting in July 2017. Plaintiff states that the discontinuance of said payments has caused her severe financial strain and that she was not provided notice as to why the payments were discontinued.

Defendant filed a Response [Doc. 17], asserting that Plaintiff's Motion fails to comply with Federal Rule of Civil Procedure 65(c). In addition, Defendant argues that Plaintiff has not carried her burden to show that a preliminary injunction is appropriate or warranted.

## II. ANALYSIS

The Court has considered the parties' positions and finds Plaintiff's Motion not well taken. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In determining whether to issue a preliminary injunction, the district court is required to consider four factors:

> (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer an irreparable injury if the court does not grant a preliminary injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest.

*Abney v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir. 2001)). While the above factors are not prerequisites, the Court must balance them. *Hamad v. Woodcrest Condominium Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (quoting *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001)).

The Court finds that Plaintiff has not satisfied the substantive requirements for a preliminary injunction. Specifically, she has not explained, let alone mentioned, whether she is likely to prevail on the merits, whether the preliminary injunction would cause substantial harm to others, or whether a preliminary injunction would be in the public interest.

With respect to whether she will suffer irreparable harm, Plaintiff simply states that the discontinued payments have caused "a severe financial strain" and that she needs the payments to resume to "avoid delinquency with regard to property payments, household bills, and other expenses." [Doc. 15 at 2]. The Court finds Plaintiff's conclusionary statement insufficient to show that she will be irreparably harmed without the preliminary injunction. *See SEIU Health Care Michigan v. Snyder*, 875 F. Supp. 2d 710, 723 (E.D. Mich. 2012) ("Irreparable injury based on financial loss alone will only be found where the potential economic loss is so great as to threaten the existence of the movant's business or financial ruin will result. If money damages can compensate the moving party, a preliminary injunction is not appropriate.") (Other citations omitted).

Finally, Plaintiff's Motion does not address the issue of security pursuant to Rule 65(c). While the amount of security required is within the Court's discretion, the undersigned cannot properly address this issue because Plaintiff did not address it. *See Preterm-Cleveland v. Himes*, 294 F. Supp. 3d 746, 757 (S.D. Ohio 2018) (explaining that the Court "is required to consider the question of requiring a bond before issuing a preliminary injunction") (citing *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 539 (6th Cir. 1978), *appeal docketed*, No. 18-3329 (6th Cir. Apr. 12, 2018)). Accordingly, the Court finds Plaintiff's request for a preliminary injunction not warranted.

## III. CONCLUSION

Accordingly, for the reasons explained above, the Court finds Plaintiff's Motion for Preliminary Injunction [**Doc. 15**] not well taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge